15-653-cv
Lawson v. Hilderbrand

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of March, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

DUNCAN LAWSON, JANE DOE, a minor child,
PPA DUNCAN LAWSON,

                     *Plaintiffs-Appellees*,

             v.                                          15-653-cv

TIMOTHY HILDERBRAND, GARY HOFFKINS, RICHARD STOOK,
JOSEPH RONDINI, FREDERICK QUEZADA,

                     *Defendants-Appellants*,

TOWN OF GREENWICH,

                     *Defendant*.
_____

Appearing for Appellants:     Andrew M. McPherson, Goldstein & Peck, P.C. (William J.
                              Kupinse, Jr., *on the brief*) Bridgeport, CT.

Appearing for Appellees:      William S. Palmieri, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J.*).


      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **REVERSED**.

      Timothy Hilderbrand, Gary Hoffkins, Richard Stook, Joseph Rondini, and Frederick Quezada (together, "Defendants") appeal from the February 23, 2015 order of the United States District Court for the District of Connecticut (Meyer, *J.*) denying Defendants' motion for summary judgment on the theory that Defendants were entitled to qualified immunity on plaintiffs' search and seizure claims in the first count of the complaint. *Lawson v. Hilderbrand*, 88 F. Supp. 3d 84 (D. Conn. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      Qualified immunity shields government officials from civil suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Ordinarily, an appeal from the denial of a motion for summary judgment is not permitted as that decision is not a final judgment. *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003). Pursuant to the collateral order doctrine, the denial of a motion for summary judgment on the issue of qualified immunity is immediately appealable where the district court denied the motion as a matter of law. *Jones v. Papineau*, 465 F.3d 46, 54-55 (2d Cir. 2006). However, defendants may only take an appeal if they accept as true plaintiff's version of the facts for purposes of the appeal. *Id.* We review the district court's law-based denial of summary judgment on the issue of qualified immunity de novo. *See Finigan v. Marshall*, 574 F.3d 57, 61 (2d Cir. 2009).

      When a government official charged with violating federal constitutional rights seeks summary judgment on the ground of qualified immunity, the Court may first consider whether there was a "violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all." *Pearson v. Callahan*, 555 U.S. 223, 239 (2009). Here, we conclude that the lack of clearly established law barring the police actions entitles the Defendants to qualified immunity for their actions. The police entered the home with Duncan Lawson's consent, and when that consent was revoked it was objectively reasonable for the defendants to believe that exigent circumstances made their continued presence in the house, and their confinement of the residents to the living room, lawful. *See Kentucky v. King*, 563 U.S. 452, 462 (2011). As "the need to prevent the imminent destruction of evidence has long been recognized as a sufficient justification for a warrantless search," *id.* at 460 (internal quotation marks omitted) it follows that the need to prevent the destruction of evidence provides sufficient justification for the less intrusive act of securing the premises until a search warrant is obtained.

We have considered all of the plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is REVERSED, and this matter remanded for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk